**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAT THANH LUONG, Deceased, through his Co-Successors in Interest; AI QIONG ZHONG, Individually and as mother and next friend for; W.L., a minor,<br><br>        Plaintiffs-Appellees,<br><br> and<br><br>MAI CHAI,<br><br>        Plaintiff,<br><br> v.<br><br>NAPA STATE HOSPITAL; CALIFORNIA DEPARTMENT OF STATE HOSPITALS; PAM AHLIN; DOLLY MATTEUCCI; CINDY BLACK; PATRICIA TYLER,<br><br>        Defendants-Appellants. | No.   19-16846<br><br>D.C. No. 3:17-cv-06675-EMC<br><br>MEMORANDUM* |
| DAT THANH LUONG, Deceased, through his Co-Successors in Interest; AI QIONG ZHONG, Individually and as mother and next friend for; W.L., a minor, | No.   19-16875<br><br>D.C. No. 3:17-cv-06675-EMC |

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellants,

and

MAI CHAI,

Plaintiff,

v.

NAPA STATE HOSPITAL;
CALIFORNIA DEPARTMENT OF
STATE HOSPITALS; PAM AHLIN;
DOLLY MATTEUCCI; CINDY BLACK;
PATRICIA TYLER,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted November 17, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit
Judges.

This 42 U.S.C. § 1983 case arises out of the tragic death of Dat Thanh
Luong at the hands of his Alameda County jail cell mate. Luong had been found
incompetent to stand trial and was on a waitlist for admission to Napa State
Hospital at the time of his death. His family's claims against the County and its

officials have now been settled, and almost all of the claims against California state entities and employees have been dismissed. The family's only remaining claims are against four supervisory-level Department of State Hospitals employees, who bring this interlocutory appeal seeking review of the district court's denial of qualified immunity on one due process claim: that the hospital employees should have notified interested parties about the availability of an informal psychiatric acuity review process by which jail inmates with acute needs could bypass the hospital waitlist and be admitted directly.

Qualified immunity protects government officials from civil liability for damages unless plaintiffs can show that the officials violated a right that was "clearly established" under federal law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiffs, emphasizing that Luong was ordered committed to the hospital's care, urge that a special duty attached as a result of that commitment. A right is not clearly established, however, unless "existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). There is no precedent requiring hospital employees, as a matter of federal law, to inform jail officials, defense counsel, or others of special procedures available to inmates awaiting hospital admission. Moreover, the Department of State Hospitals adopted emergency regulations publicizing and

3

formalizing the acuity review procedure in September 2016, approximately one month prior to Luong's death. Cal. Code Regs. tit. 9, § 4717. It is difficult to justify the imposition of monetary damages against these hospital employees on the theory that they were additionally required to give individualized notifications to relevant actors in Luong's case. At the very least, the hospital employees are entitled to qualified immunity.

The closest authority in our circuit is *Oregon Advocacy Center v. Mink*, 322 F.3d 1101 (9th Cir. 2003), upon which Plaintiffs rely. *Mink* recognized the plight of incarcerated defendants requiring psychiatric assistance, but it did not involve acuity reviews or any comparable procedure for bypassing hospital admission waitlists, nor did it involve any employee's duty to provide any kind of notice to relevant individuals. As an action for an injunction, *Mink* did not involve individual liability at all, and the relief granted was premised in substantial part on a Oregon state statute and a district court injunction based on that statute. *Id.* at 1115–16, 1122 n.13. *Mink* therefore did not establish any right under federal law relevant here.

We lack jurisdiction to consider Plaintiffs' cross-appeal, because it is not from a final judgment and does not come within the exception recognized for issues inextricably intertwined with an interlocutory appeal from a denial of

qualified immunity. *See Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019).

The district court's order denying qualified immunity is **REVERSED** and the matter **REMANDED** with instructions to grant Defendants-Appellants' motion for summary judgment on qualified immunity grounds. Plaintiffs' interlocutory cross-appeal, no. 19-16875, is **DISMISSED** for lack of jurisdiction.